LOTTINGER, Judge.
This is a Workmen’s Compensation suit in which the plaintiff seeks to recover compensation at the rate of $30.00 per week for a period of 400 weeks on the basis of total permanent disability. It is clear from the pleadings that defendants’ business and plaintiff’s duties were hazardous 'within the meaning of our compensation law, Act. No. 20 of 1914, as amended, and', further,' it-is undisputed that -if plaintiff is totally and permanently disabled, he would be entitled to compensation at the rate and for the period prayed for in his petition. The lower court rendered judgment in favor of the defendants and plaintiff prosecutes this; appeal.
The record establishes that plaintiff is an iron worker and was so engaged on March 1, 1949, the day of the accident. The injury occurred when a large piece of iron crushed his left leg just above the knee. Although his leg was not fractured, the tissues and blood vessels were crushed and bruised and as a consequence plaintiff was hospitalized for ten days and confined to his bed at home for an additional period of five weeks. Compensation was paid at the maximum rate for eight weeks, and during either March or April, plaintiff found work with another employer, Stone and Webster. This latter employment continued for some eight months; however, the job upon which he was working was completed • and' since that time he has been unable to find work.
The question presented for determination is simply whether the plaintiff is totally and permanently disabled within the meaning of our compensation law. The trial judge found that he was not, and with this holding we agree. ;.
The evidence, strangely enough,'is not conflicting to any great extent, and indeed the only conflicts to be found therein1 are only minor disagreements between the medical men. From the testimony of the plaintiff himself it would appear that he bases his claim not so much upon inability to control'the leg as fear of attempting'to climb because of the injury. 'The evidence 'does shotv that the duties of an iron worker are many and varied, and that the ability' to climb and hol'd onto scaffolds and beams is most essential. Further, it is shown that plaintiff has done no climbing since his injury, and that during the eight months he worked for Stone and Webster he was a “swamper” or operator of a winch, which necessitated but little use of. his--limbs'.' A “swamper” is a part of an iron- worker’s duty and áccording to Mr. Dempsey ,C. Kerr,: foreman of Stone and Webster, the *714 plaintiff w:as employed as an iron worker during the eight months subsequent to the accident.
The medical testimony points to a finding by Dr. McVea and Dr. Sabatier of a ten per cent (10%) disability in the movement of the leg, accompanied by a loss of sensation. Both of these men were called as witnesses by the plaintiff, and in our opinion their testimony is itself sufficient basis for denying his claim. Dr. Sabatier stated clearly and emphatically that, although there was a weakness of the muscles' of the leg, he thought that plaintiff could with safety,do the climbing required of a man in his employment. And again he stated very definitely that in his opinion plaintiff would be able to resume his duties as an iron worker. Dr. Sabatier’s testimony would appear to be by far the most valuable in deciding the case because of the fact that he again examined the plaintiff on the day of the trial, which was February 16, 1950. As stated above, he did find a ten per cent (10%) disability of the lower extremity and also a certain amount of muscle weakness. However, neither he nor Dr. McVea seemed, to' think that this limited disability would in any way affect the plaintiff’s ability to do the usual and customary duties of an iron worker. This leaves, then, only the testimony of the plaintiff himself to the effect that he does not think that he could climb. However, the record shows very clearly that plaintiff has at no time since the accident had a job which required that he climb, nor has he ever made any attempt to test his leg by attempting to climb. From a close analysis of the medical testimony submitted in this case, we have come to the same conclusion that the trial court did, that the ten per cent (10%) disability to the movement of plaintiff’s leg, which disability can be reasonably expected to improve or disappear, has not disabled the plaintiff from doing work of the same or similar description, kind or character to that which he was accustomed to doing or was doing at the time of the accident.
This court sustained a judgment in favor of an employee in the case entitled Rabi-taille v. Steel Tank Construction Co., La. App., 42 So.Zd 300, 303, where the employee claimed that he was afraid to climb and that this fear was based on and corroborated by medical testimony. In the Rabitaille case, this court stated:
“He seems to be of the opinion that any danger involved by the plaintiff in climbing would be a danger produced 'more by fear of loss of his life by falling from a ladder or a scaffold than because of any injury he may have, and with respect to that opinion we would say that it is very significant, in considering the plaintiff’s ability to carry on that part of his work which he is required to do, for, he says further, Tf he is afraid of it I would recommend that he not go back’. When we take this statement in connection with the testimony of those who testified on behalf of the plaintiff and that of the other doctors who1 testified for the defendants, to the effect that it might be a dangerous thing for this man to continue doing work which required climbing, we find that he is disabled within the meaning and the terms of the workmen’s compensation statute because he can no longer do and perform all of the duties that are required by the nature of his employment.”
Even though the Rabitaille case was not cited by either party to the case at bar, we make reference to it to show that the employee in said case had medical reason and basis to think that he could not climb or to base his'fear upon, whereas, we do not find that to be true in the case at bar. Plaintiff’s own medical witnesses claim that he could with safety do the climbing required of a man in his employment and that he is able to • resume, his duties as an iron worker. Plaintiff’s fears are baseless in that none of the doctors have corroborated this plaintiff as to the basis for. his fear of bodily harm to himself or to others, or his inability to climb. If we granted this employee compensation, it would be based' solely on his own testimony that he fears to climb because we do not think that he has supplied that sufficient reason and medical corroboration to form a basis for fear.
In our opinion, therefore, the plaintiff has utterly and completely failed to prove the total and permanent disability which he claims. The law is well settled *715 that the plaintiff in á compensation suit must prove his claim by a preponderance of the evidence, and this, we think, he has failed to do.
For the reasons assigned above and the further reason that there appears to be no manifest error in the findings of the lower court, we are of the opinion that the judgment appealed from should he affirmed.' Judgment is therefore affirmed at appellant’s cost.